IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE COOK,

      Petitioner,                    No. 2:11-cv-0019 KJN

   vs.

WARDEN, et al.,

      Respondents.              ORDER

_____/

      Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On February 18, 2011, this action was dismissed without prejudice. (Dkt. No. 7.) The court found that because petitioner previously filed an application for a writ of habeas corpus challenging the 2003 conviction, the instant petition is successive, and petitioner must seek leave from the United States Court of Appeals for the Ninth Circuit to allow the district court to consider the application. (Id. at 2.)

      Petitioner now seeks relief from the judgment, Fed. R. Civ P. 60(b)(6), claiming that he did not receive certain filings in his prior habeas action (2:06-cv-2110 MMS),[1] and that he filed the instant petition because he thought he could file a second writ to add additional issues

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

1 not included in the initial petition. (Dkt. No. 9 at 4.) Petitioner claims it was not until he

2 received the February 18, 2011 ruling that he became aware of the April 7, 2009 ruling in his

3 prior case, and that because he did not receive the substantive ruling in the prior case, he was

4 deprived of an opportunity to (a) file objections, if findings and recommendations issued; or (b)

5 file an appeal. Petitioner provides documentary evidence to support his claims. (Dkt. No. 9 at

6 10-55.)

7     Petitioner seeks relief from judgment under Rule 60(b) of the Federal Rules of

8 Civil Procedure. Rule 60(b) provides, in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (6) any other reason that justifies relief.

15 Fed. R. Civ. P. 60(b).

16     Petitioner's motion is unavailing. As noted in this court's February 18, 2011

17 order, petitioner must seek permission from the Ninth Circuit to file a second petition for writ of

18 habeas corpus. (Dkt. No. 7.) Because petitioner must obtain the Circuit's permission <u>prior</u> to

19 filing in the district court, this court can offer petitioner no relief.

20     Moreover, if petitioner seeks relief concerning his prior habeas petition, he must

21 seek relief in the prior case.[2] This court does not have jurisdiction to address petitioner's claims

---

[2] However, it appears petitioner has exhausted his ability to pursue claims in 2:06-cv-2110 MMS. Petitioner's first habeas case was reassigned to the Hon. Mary M. Schroeder, United States Circuit Judge, pursuant to an "Order of Designation of Circuit Judge to Serve in Another District Within the Ninth Circuit." <u>Id.</u>, Dkt. No. 21. In light of this reassignment, the prior referral to a magistrate judge was withdrawn. <u>Id.</u> On April 7, 2009, Judge Schroeder denied on the merits petitioner's first application for writ of habeas corpus. <u>Id.</u>, Dkt. No. 22. Thus, no findings and recommendations were ever issued in 2:06-cv-2110 MMS. Although petitioner's

raised in Case No. 2:06-cv-2110 MMS, or to grant petitioner relief as to procedural issues in the prior case.  However, the court will direct the Clerk of Court to send petitioner a copy of the April 7, 2009 order and judgment issued in Case No. 2:06-cv-2110 MMS.

Accordingly, petitioner's motion to vacate the judgment in the instant case is denied.

Finally, this court finds that petitioner fails to make the requisite showing that jurists of reason would find it debatable whether this was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473 (2000).  Thus, the court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

IT IS HEREBY ORDERED that:

1. Petitioner' January 20, 2012 motion for relief from judgment (dkt. no. 9) is denied;

2. The Clerk of the Court is directed to serve a copy of the April 7, 2009 order and judgment (dkt. nos. 22 & 23) issued in Case No. 2:06-cv-2110 MMS, on petitioner at his address of record; and

3. Petitioner shall file no further filings in this terminated case.

DATED: February 6, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cook0019.60b

---

copy of the April 7, 2009 order was returned as undeliverable by the postal service, petitioner did not file a change of address until June 9, 2011, over two years after judgment was entered. Id., dkt. no. 27. On October 26, 2011, petitioner filed a motion to set aside the judgment. Id., Dkt. No. 28. Petitioner argued that he had not received the April 7, 2009 order, and provided documentary evidence in support. Id. Respondent argued that petitioner's motion was too late under Rule 60(b)(1) of the Federal Rules of Civil Procedure, as well as under Rule 4 of the Rules Governing § 2254 Cases. Id., Dkt. No. 30. In reply, petitioner argued that extraordinary circumstances warranted reopening of his case. Id., Dkt. No. 31. On December 20, 2011, Judge Schroeder informed petitioner that no findings and recommendations were issued in Case No. 2:06-cv-2110 MMS, and found that petitioner failed to show "any extraordinary circumstances justifying relief under Rule 60(b)(6)." Id., Dkt. No. 32. Petitioner's motion to vacate the judgment was denied, and petitioner was informed that no further filings would be accepted. Id.